IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO HALL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-cv-342-MHT |
| | ) | [wo] |
| THE STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, filed April 17, 2009).  Now pending before the Court are multiple motions to dismiss and Plaintiff's response.  For good cause herein shown, it is the recommendation of the Magistrate Judge that the Court GRANT the motions to dismiss.

## I. PARTIES AND COMPLAINT

*Pro se* Plaintiffs, Antonio Hall and Carolyn Hall (collective "the Halls") brought suit on April 15, 2009.  *See* Doc. 1, Complaint.  On May 12, 2009, the Court ordered the Halls to amend their complaint and to identify with specificity what all of their allegations and claims are as to each defendant.  *See* Doc. 5.  After the Court granted them an extension, the Halls filed their amended complaint on June 15, 2009.  *See* Doc. 8.  In the amended complaint the Halls assert various allegations against a plethora of individuals including: (1) the State of

Alabama; (2) Bobby Bright in his individual capacity; (3) Troy King in his official capacity as Attorney General of the State of Alabama and in his individual capacity; (4) State of Alabama Attorney General's Office; (5) Ellen Brooks in her official capacity as District Attorney of Montgomery County, Alabama and in her individual capacity; (6) the Auburn Police Department & Detective Division; (7) the Montgomery Police Department; (8) H.B. Powe in his official and individual capacity; (9) J.W. Hall in his official and individual capacity; (10) Unit 320 Liedl #1487 in his official and individual capacity; (11) Corporal Johnson in his official and individual capacity; (12) R.L. Enj in his official and individual capacity; (13) the State of Alabama District Attorney's Office; (14) Will Vines in his official capacity as Deputy District Attorney of Montgomery County, Alabama and in his individual capacity; (15) Stephanie Morman in her official capacity as Deputy Solicitor General and in her individual capacity; (16) the Office of Attorney General; and (17) Jason Jenkins in his official and individual capacity. *See* Doc. 8 at p. 1. The Halls, in the eighteen page complaint plus the one hundred and thirty-four pages of attachments, ostensibly assert claims for violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments via 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101.[1][2] *See generally id.* Robert requests

---

[1]     These are all the allegations as best the Court can discern from verbiage of the amended complaint. The Court will address the allegations as they pertain to the various defendants in later sections.

[2]     Defendants State of Alabama, Attorney General Troy King, Office of the Attorney General, Office of the Attorney General - General Criminal Appeals Division, District Attorney Ellen Brooks, Deputy District Attorney Will Vines, and the District Attorney's Office also reference a 42 U.S.C. § 1981 claim. However, the court finds no reference to § 1981 in the

(1) twenty million dollars in damages, (2) expungement of the criminal records from the underlying state proceedings, (3) a public and/or written apology, and (4) all defendants be brought to trial to answer for their actions. *Id*. at p. 16-17.

All Defendants with the exception of Stephanie Morman have filed their respective motions to dismiss. *See* Docs. 28, 35, and 36.[3]  The defendants assert a variety of defenses which will be addressed specifically in the sections below. The Court ordered Plaintiffs to file their response on or before October 16, 2009.  However, Plaintiffs did not file their response until October 27, 2009.  *See* Doc. 42.  Some defendants then filed a motion to strike the response as untimely.  *See* Doc. 43.  The Court denied the motion to strike.  *See* Doc. 45.

## II. JURISDICTION AND VENUE

The Court finds that it exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1343(a) (civil rights), 42 U.S.C. § 1983 (Civil Rights Act of 1871, as amended), and 42 U.S.C. § 12101 (Americans with Disabilities Act).  Further, there are allegations sufficient to support personal jurisdiction and venue.[4]

---

Amended Complaint.  However, a § 1981 claim would fail because § 1981 provides rights and remedies only with respect to racial discrimination.  *See Givens v. Chambers*, 548 F.Supp.2d 1259, 1268-69 (M.D. Ala. 2008) (citations omitted).  There are no claims of racial discrimination in the Amended Complaint - only discrimination under the Americans with Disabilities Act.

[3]      Defendants Auburn Police Department & Detective Division and Jason Jenkins filed their motion to dismiss on August 3, 2009.  *See* Doc. 35.  On August 4, 2009, they filed an Amended Motion to Dismiss.  *See* Doc. 36.  As such, the original motion to dismiss is now moot.

[4]      Defendants Auburn Police Department & Detective Division and Jason Jenkins assert venue with the Middle District of Alabama is not appropriate and asserts venue is proper in the Eastern Division.  However, there is some apparent confusion as the Eastern Division is a part of the Middle District of Alabama.  This case was filed in the Middle District of Alabama,

### III. STANDARD OF REVIEW

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471.  To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, — U.S. — , — , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.).  In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true."  *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing *St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)).  In other words, in deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true.  *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*,

---

Northern Division.  Regardless, venue in the Middle District of Alabama is appropriate. The Court need not address its divisions with specificity at this time.

160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)).  However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[5]

Thus, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558, 127 S.Ct. at 1966.  Further, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. (citations omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations omitted).  Factual allegations must be enough to raise a right to relief above the speculative level. *Id*.  It is not enough that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set

---

[5]     In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

of undisclosed facts to support recovery." *Id*. at 1968 (internal quotation and alteration omitted). That said, a complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts. *Twombly*, 550 U.S. at — , 127 S.Ct. at 1965-66. Consequently, the threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

## IV. CLAIMS UNDER 42 U.S.C. §1983 GENERALLY

42 U.S.C. § 1983 creates a mechanism for recovering monetary damages from and securing injunctive relief against governmental actors and entities whose actions under color of state or local law deprive a plaintiff of rights, privileges, or immunities secured by the United States Constitution or federal statutes. *Malone v. Parker*, 953 F.Supp. 1512, 1515 (M.D. Ala. 1996). Section 1983 itself creates no substantive rights; rather, it provides a remedy for deprivation of federal rights established elsewhere. *Barfield v. Brierton*, 883 F.2d 923, 934 (11th Cir. 1989) (citations omitted).

The Halls make a number of § 1983 claims. Specifically, they assert violations of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. To obtain relief under § 1983, the Halls must show they were deprived of a federal right by a person acting under color of state law. *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000). The Supreme Court has reiterated this requires "*both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule

of conduct imposed by the State or by a person for whom the State is responsible,' *and* that

'the party charged with the deprivation must be a person who may fairly be said to be a state

actor.'" *Id*. (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977,

985, 143 L.Ed.2d 130 (1999)) (emphasis in original); *see also West v. Atkins*, 487 U.S. 42, 48-

49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (United States Supreme Court reiterates two

prong requirement).  As such, the Court looks to each § 1983 claim generally.

## A.      Fifth Amendment Due Process Claims

First, a common flaw in civil rights complaints are allegations of violations of

constitutional violations which do not apply in this context.  It is fundamental to constitutional

law that the Due Process Clause of the Fifth Amendment applies only to conduct committed

by officials of the federal government; it does not apply to state actors. *See Riley v. Camp*, 130

F.3d 958, 972 n. 19 (11th Cir.1997) (Tjoflat, J., dissenting from the denial of rehearing en

banc).  The complaint contains no allegations that federal actors did anything to harm the

Halls, therefore, the Fifth Amendment provides no basis for relief in this case.[6]  As such, the

Fifth Amendment claims merit dismissal.  Rather, those claims must proceed under the

Fourteenth Amendment.

## B.      Sixth Amendment Claims

The Halls also assert Sixth Amendment claims for speedy trial violations and failure

to inform them of the nature and cause of the accusation.  *See* Doc. 8 at p. 6-8.  First, the

---

[6]      In the rambling citations used by the *pro se* plaintiffs, they even cite this at one point.  *See* Doc. 8 at p. 8.

Court will consider the allegations regarding a speedy trial violation.

An accused's right to a speedy trial is guaranteed by the Sixth Amendment of the United States Constitution and by Art I, § 6 of the Alabama Constitution, 1901.  Plaintiffs' complaints regarding a speedy trial violation are muddled and confusing.  The section of the Amended Complaint related to the speedy trial allegations starts with a recitation of the balancing test applied by courts vis a vis a speedy trial claim.  *See* Doc. 8 at p. 6-7; *see also Ex parte Walker*, 928 So.2d 259, 263 (Ala. 2005) (citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1977)) (The four factors to be considered in weighing the conduct of the State and an accused are: (1) the length of the delay, (2) the accused's assertion of his right, (3) the reason for the delay, and (4) prejudice to the accused.).  The Halls then go on to aver the defendants violated this right by excessive delays and length of delays by not complying with discovery requirements.  *See* Doc. 8 at p. 7.

To the extent, the Halls assert a violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, it applies only to federal prosecutions, and "it is only a federal arrest, not a state arrest, which will trigger the commencement of the time limits set in the Act."  *United States v. Shahryar*, 719 F.2d 1522, 1524 (11th Cir.1983).  As for a violation of the Sixth Amendment of the United States Constitution and by Art I, § 6 of the Alabama Constitution, 1901, Plaintiffs cannot maintain the cause of action because the criminal prosecution was ultimately dismissed by the State.  *See* Doc. 8 at p. 4 ("And after their cases were nol pros on January 25, 2007 and appealed by the State to be nol pros again on August 14, 2008.")

**C.     Fourteenth Amendment Due Process Claims**

The Halls apparently allege a violation of the Fourteenth Amendment because the defendants failed to provide a critical video to Plaintiff's defense counsel in the course of the criminal prosecution.   Plaintiffs assert the failure to provide the videotape violates the principles established in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny. *See* Doc. 8 at 8-12.  The *Brady* rule is grounded in a defendant's right to a fair trial.  This Court acknowledges the *Brady* violations as they are well documented through the underlying state criminal proceeding.  Judge McCooey initially dismissed the prosecution against the Halls because of the *Brady* violation.  The Alabama Court of Criminal Appeals subsequently acknowledged the *Brady* violations, but stated the Circuit Court erred in imposing the extreme sanction of dismissal.  *Alabama v. Hall*, 991 So.2d 775 (Ala. Crim. App. 2007) (also included as part of Amended Complaint. Doc. 8-3, at p. 48-64).   The Alabama Supreme Court denied certiorari on March 14, 2008.  *Ex parte Hall*, 991 So.2d 782 (Ala. Mar 14, 2008).  However, Chief Justice Cobb wrote and published a dissent to the denial of the petition for the writ of certiorari.  *Id*.[7]  Rather than discussing this claim in detail here, this Court will address this specific claim in later sections.

**D.     Fourth Amendment**

The Halls also appear to assert a § 1983 for malicious prosecution.  While they never specifically reference the Fourth Amendment, it is apparent from the substance of the

---

[7]     The Halls frequently cite to the dissenting opinion as though it was an opinion of the Supreme Court.  This is obviously not the case.

complaint, they assert a Fourth Amendment malicious prosecution claim.  *See* Doc. 8,
generally.  "[*P*]*ro se* pleadings are held to a less strict standard than pleadings filed by lawyers
and thus are construed liberally.  *Alba v. Montford*, 517 F.3d 1249, 1251 (11th Cir. 2008),
*cert. denied*, 129 S.Ct. 632 (2008).  Further, the substance of the claim is what matters, not
how the plaintiffs label it.  *Spruell v. Harper*, 2009 WL 4041937, *2 (N.D. Ga 2009) (citation
omitted) (unpublished).  Rather than discussing this claim in detail here, the Court will
address this specific claim in later sections as it applies to each defendant and legal theories
presented in their respective motions to dismiss.

## V.  STATUTE OF LIMITATIONS

It is clear from the face of the Amended Complaint that many of the claims the Halls
lodge rest on alleged events which occurred on or before April 15, 2007.  *See* Doc. 8
generally.  Meritorious or not, a claim must be brought prior to the expiration of the applicable
statute of limitations for each claim.

In federal causes of action where Congress has not specifically provided a statute of
limitations, the United States Supreme Court has established that a state's statute of
limitations applies.  *Wilson v. Garcia*, 471 U.S. 261, 266-67, 105 S.Ct. 1938, 1942, 85
L.Ed.2d 254 (1985); *International Union, United Auto., Aerospace & Agr. Implement Workers*
*of America (UAW), AFL-CIO v. Hoosier Cardinal Corp*., 383 U.S. 696, 703-04, 86 S.Ct.
1107, 1112, 16 L.Ed.2d 192 (1966).  Thus, in § 1983 claims, federal courts must look to state
law to determine, first, what statute of limitations is applicable, and second, whether that

limitations period is tolled.  *See Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985); *see also City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n. 2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations.").  The Court looks to Alabama law for the guiding statute of limitations and finds that it is two years under the state's residual statute of limitations for personal injury actions.  ALA. CODE § 6-2-38(l);[8] *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105-06 (11th Cir. 1992) (applying ALA. CODE § 6-2-38(l) and its two year statute of limitation in § 1983 action).  The same is true for the applicable statute of limitation for claims brought under the ADA.  *Everett v. Cobb v. Cobb County Sch. Dist.*, 138 F.3d 1407, 1409-10 (11th Cir. 1998); *Smith v. McFarland*, 2008 WL 606986, *2 (M.D. Ala. 2008) (unpublished) (citing *Everett* and applying ALA. CODE § 6-2-38(l) and its two year statute of limitation in ADA action).

## A.    Claims Brought pursuant to Americans with Disabilities Act

The Halls filed their complaint on April 14, 2009, and therefore have no legal basis on which proceed with respect to any claims that accrued before April 14, 2007. A review of the amended complaint shows that all the claims pertaining to the ADA all occurred in September 2006.  As such, the ADA claims would have accrued by September 2008.  The Halls did not file suit until April 15, 2009; therefore, the ADA claims are time-barred by the two year statute of limitations.

---

[8]      The statute states: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."

**B.      Claims Brought pursuant to 42 U.S.C. § 1983**

As discussed supra in Section IV, the Halls assert claims for Fourteenth Amendment due process violations (*Brady*) and Fourth Amendment malicious prosecution.[9]  The Court now turns to the statute of limitations as to these surviving § 1983 claims.

**i.      Due Process Violations (*Brady*)**

The Court now looks to the Fourteenth Amendment § 1983 for *Brady*/due process violations.  Based on the Amended Complaint, the alleged *Brady* violation first occurred between November 15, 2006 and January 25, 2007.  The Halls allege the violations continued through the appellate process and until August 14, 2008.  "Federal law determines when the statute of limitations begins to run; generally, 'the statute of limitations does not begin to run until the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'"  *Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006) (quoting *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir.2003)).  Thus, "Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured.... Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury."  *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (citation omitted); *see also Eubank v. Leslie*, 210 Fed. Appx 837, 841 (11th Cir. 2006) (per curiam) ("A cause of action accrues for purposes of determining when the statute of limitations period began to run when the plaintiff knew or should have known of

---

[9]      The Court already discussed the dismissal of the Fifth and Sixth Amendment claims.

his injury and its cause.").

The Halls knew about the violation at the latest by January 25, 2007 when Judge McCooey dismissed the criminal charges against them for bad conduct by the state. As such, the § 1983 suit for the Fourteenth Amendment claims would be barred after January 25, 2009. The Complaint was filed on April 15, 2009, therefore those claims are time barred because the Halls knew about the facts and circumstances giving rise to those § 1983 claims for more than two years before the filing of the instant suit.

   ii.     **Malicious Prosecution**

The Court first considers the § 1983 claim for malicious prosecution. A § 1983 claim for malicious prosecution does not accrue until the criminal proceedings are resolved in plaintiff's favor. *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364, 2374, 129 L.Ed.2d 383 (1994); *see also Kelly v. Serna*, 87 F.3d 1235, 1239 (11th Cir. 1996) (citing *Heck*); *Burgest v. McAfee*, 264 Fed. Appx. 850, 852-53 (11th Cir. 2008) (unpublished) (stating same). As is required, when looking at the complaint in the light most favorable to the plaintiffs, the case was resolved  in the Halls favor with the final dismissal on August 14, 2008.  As such, applying the two year statute of limitations, a § 1983 malicious prosecution claims would have to be filed on or before August 14, 2010.  As the complaint was filed on April 15, 2009, there is no question that it was timely filed and is not barred by the statute of limitations.  This is the sole remaining claim to address with regard to specific defendants.

## VI. Relief Requested

Before turning to each specific defendant and the § 1983 malicious prosecution claims, the Court will also address certain relief requested which merits dismissal against all defendants.

### A.    Criminal Prosecution

In the section on relief requested, the Halls request that the Defendants be brought to trial to answer questions pertaining to the destruction of the videotape.  It is unclear from the face of the Amended Complaint whether the Halls are simply making their civil jury demand or whether they request a criminal prosecution and sanctions.  Out of an abundance of caution, the court addresses the potential request for criminal prosecution and sanctions.

A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."  *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 767 n. 13, 125 S.Ct. 2796, 2809, 162 L.Ed.2d 658 (2005) (quoting *Linda R. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973)); *Leeke v. Timmerman*, 454 U.S. 83, 85-86, 102 S.Ct. 69, 70, 70 L.Ed.2d 65 (1981); *see also Davit v. Davit*, 173 Fed. Appx. 515 (7th Cir. 2006) (unpublished opinion) ( "A private individual does not have standing to demand the criminal prosecution of another individual, let alone standing to prosecute the individual [herself].").  Thus, a damages claim for criminal prosecution is without legal merit and warrants dismissal.

**B.     Expungement of Records**

The Halls clearly request for the expungement of any records relating to the indictments, arrest records, and any other records pertaining to the criminal proceedings against them.  *See* Doc. 8 at p. 15-16.  The Halls specifically complain that the information shows up on background checks which is embarrassing and interferes with their finances and ability to get jobs.  *See* Doc. 42 at p. 11-12.

There is no specific constitutional or general statutory right to expungement.  *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 699-700 (5th Cir. 1997), *cert. denied* 523 U.S. 1077, 118 S.Ct. 1523, 140 L.Ed.2d 675 (1998).  Unlike many state legislatures, Congress has not enacted legislation providing for the expungement of criminal records.[10]  In the absence of Congressional guidance, the circuits have been divided as to whether a district court has jurisdiction to grant such relief.

The Second, Tenth, and D.C. Circuits have determined that district courts have jurisdiction to grant expungement solely on equitable grounds.  *See, e.g., United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) ("[E]xpungement lies within the equitable discretion of the court, and relief usually is granted only in extreme circumstances." (internal quotation omitted)); *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975) (finding that

---

[10]     *See, e.g.,* ALA. CODE § 41-9-646 (offering the remedy of expungement for criminal records found by the court "to be inaccurate, incomplete or misleading"); FLA. STAT. § 943.0585 (2009) (allowing a court of competent jurisdiction to order the expunction of a criminal history record of a minor or adult who complies with the statutory procedural requirements and where the criminal history record does not relate to specific violations delineated by statute).

extreme or unusual cases "call for a 'balancing' of the equities between the Government's need to maintain extensive records in order to aid in general law enforcement and the individual's right to privacy"); *Livingston v. U.S. Dep't of Justice*, 759 F.2d 74, 78 (D.C. Cir. 1985) (reiterating, as "well established," the rule "that courts have the inherent, equitable power to expunge arrest records" when necessary "to preserve basic legal rights"); *see also United States v. Tyler*, — F.Supp.2d — , — , 2009 WL 4059156, *1 (M.D. Fla. 2009) (collecting the above cases). These cases base expungement on the idea that "district courts have jurisdiction ancillary to and derivative of their original jurisdiction." *Tyler*, — F.Supp.2d at — , 2009 WL 4059156 at *1. In other words, if a court has original jurisdiction, it may use ancillary jurisdiction to deal with "other related matters which it could not consider were they independently presented." *Id.* (citing *United States v. Dunegan*, 251 F.3d 477, 478-79 (3d Cir. 2001).

The Court next looks to the Fifth and Seventh Circuits, which have permitted some instances of expungement, but with more limitations than the Second, Tenth, and D.C. Circuits. The Seventh Circuit held that while courts do not have jurisdiction to expunge executive records, criminal records held by the judicial branch may be expunged "if the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records." *United States v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004) (quoting *United States v. Janik*, 10 F.3d 470, 472 (7th Cir. 1993)). The Fifth Circuit has also recognized that courts have the power to order expungement of records, but emphasized that

such action is permissible only in very limited circumstances. *See, e.g., Sealed Appellant v. Sealed Appellee*, 130 F.3d at 698-99 ("In order to have standing to seek expungement, the party seeking expungement against executive agencies must assert an affirmative rights violation by the executive actors holding the records"); *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972) (noting that the privilege of courts "to expunge matters of public record is one of exceedingly narrow scope" and vacating, on public policy grounds, portion of district court order that related to expungement).

However, as noted by the district court in *Tyler*, in 1994 the Supreme Court issued its opinion in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) and explained the limited reach of ancillary jurisdiction.[11]  *Tyler*, — F.Supp.2d at — , 2009 WL 4059156 at *2.  The Supreme Court stated that ancillary jurisdiction exists in two separate, but related, premises: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379-80, 114 S.Ct. at 1676 (citations omitted).

After the *Kokkonen* decision, a split among the circuits has developed with regard to whether a federal district court has ancillary jurisdiction to determine matters of expungement.

---

[11]     Specifically the Supreme Court determined that federal courts do not have jurisdiction to enforce settlement agreements reached in cases that they have dismissed unless they have retained jurisdiction to do so or "there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 381-82. 114 S.Ct. at 1677.  The Court explicitly rejected the idea that ancillary jurisdiction gave the court authority to do so.

*See United States v. Paxton*, 2007 WL 2081483 (M.D. Ala. 2007) (unpublished).  Several circuits, including the First, Third, Eighth, and Ninth, have concluded that, after *Kokkonen*, a request for expungement does not serve the limited purposes necessary for invocation of ancillary jurisdiction and that equitable considerations standing alone are not sufficient to support jurisdiction over such a request.  *See United States v. Coloian*, 480 F.3d 47, 52 (1st Cir. 2007); *United States v. Meyer*, 439 F.3d 855, 859-60 (8th Cir. 2006); *United States v. Dunegan*, 251 F.3d 477, 479-80 (3d Cir. 2001); *United States v. Sumner*, 226 F.3d 1005, 1013-15 (9th Cir. 2000)

This Court has not found any Eleventh Circuit opinions on expungement in general since the *Kokkonen* case.  *See also Tyler*, — F.Supp.2d at — , 2009 WL 4059156 at *2 (noting the lack of a post-*Kokkonen* opinion from the Eleventh Circuit); *United States v. Carson*, 366 F.Supp.2d 1151, 1155 (M.D. Fla. 2004) (finding that the Eleventh Circuit has published no opinions on expungement in general outside the realm concerning the now-repealed "Youth Corrections Act"); *Paxton*, 2007 WL 2081483 at *1 (citing *Carson* and the proposition that the Eleventh Circuit has not addressed the issue).  Absent statutory authority and a post-*Kokkonen* opinion from the Eleventh Circuit, this Court agrees with the analysis set forth by the First, Third, Eighth, and Ninth Circuits as well as the district courts in *Tyler*, *Carson*, and *Paxton*.  *Kokkonen* effectively narrowed the scope of ancillary jurisdiction.  Therefore, the court does not have ancillary jurisdiction to determine the issue of expungement.

Alternatively, even if the court does have jurisdiction, the court still finds the request is due to be denied.  Prior to the 1981 split, the Fifth Circuit held that "the Court's privilege to expunge matters of public record is one of exceedingly narrow scope." *Rogers*, 469 F.2d at 1085.  The Halls primarily complain of embarrassment and the effect on Mr. Hall's career.  Under § 1983 "allegations of injury to reputation alone do not support a section 1983 claim for violation of due process, and therefore must be accompanied by a constitutionally recognized injury." *Cypress Ins. Co. v. Clark*, 144 F.3d 1435, 1436 (11th Cir. 1998) (citing *Paul v. Davis*, 424 U.S. 693, 712, 96 S.Ct. 1155, 1165-66, 47 L.Ed.2d 405 (1976)).  A person's interest in reputation alone is not a protected liberty interest within the meaning of the due process clause.  *Paul*, 424 U.S. at 701, 96 S.Ct. at 1161.  "This rule, labeled the 'stigma-plus' standard, requires a plaintiff to show that the government official's conduct deprived the plaintiff of a previously recognized property or liberty interest in addition to damaging the plaintiff's reputation." *Cypress Ins. Co*, 144 F.3d at 1436-37 (citing *Paul*, 424 at 712, 96 S.Ct. at 1165-66).  Therefore, embarrassment does not provide a sufficient basis for expungement even if the court has jurisdiction.

As to economic and employment losses, *United States v. Lopez*, 704 F.Supp. 1055 (S.D. Fla 1988) and *United States v. Singleton*, 442 F.Supp. 722 (S.D. Tex. 1977) both illustrate that injury to reputation and economic loss are but factors which the Court may consider or disregard in determining whether to expunge a person's arrest record.  In *Singleton*, several police officers were arrested for illegal wiretapping, but eventually

acquitted of all charges. *Singleton*, 442 F.Supp. at 724. However, despite the acquittal, the court held that the expungement of such records was a matter for Congress and not the courts. *Id.*; *accord Rogers*, 469 F.2d at 1085; *see also Lopez*, 704 F.Supp. at 1057 (citing *Singleton*). The Fifth Circuit, addressing the question of expungement in an acquittal situation, specifically held "[p]ublic policy requires here that the retention of records of the arrest and subsequent proceedings be left to the discretion of appropriate authorities. The judicial editing of history is likely to produce a greater harm that is sought to be corrected." *Rogers*, 469 F.2d at 1085. The *Lopez* court went one step further when it stated "[a]n analogous, if not more substantial harm would be created if courts required record keeping agencies to expunge an individual's record each time an Assistant United States Attorney dismissed a complaint." *Lopez*, 704 F.Supp. at 1057.

The situation with the Halls is similar to the one presented by the *Lopez* court. Therefore, it is the opinion of this court that the Hall's request for expungement should be denied.

**C.    Public Apology**

This Court's powers to grant relief are limited and it lacks jurisdiction to order any of the Defendants to apologize to the Plaintiffs. Therefore, the request for an apology should be denied. Based on the above, all of the injunctive requests are due denial which leaves only monetary damages as they relate to the Hall's § 1983 malicious prosecution claims. Now the Court turns to the specific defendants.

## VII. MONTGOMERY POLICE DEPARTMENT AND AUBURN POLICE DEPARTMENT

Plaintiffs bring claims against the Montgomery Police Department ("MPD") and the Auburn Police Department ("APD"). Under Alabama law, the MPD and APD are not legal entities subject to suit or liability. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). For this reason, all claims in Plaintiffs' Complaint against the MPD and APD merit dismissal.

## VIII. STATE OF ALABAMA, STATE OF ALABAMA ATTORNEY GENERAL'S OFFICE, OFFICE OF THE ATTORNEY GENERAL - CRIMINAL APPEALS DIVISION, AND THE OFFICE OF THE DISTRICT ATTORNEY

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. CONST. AMEND. XI; *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought); *Toth v City of Dothan, Ala.*, 953 F. Supp. 1502, 1506 (M.D. Ala. 1996) (citing Eleventh Amendment). Specifically, an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens unless Congress has abrogated immunity or the state has waived its immunity. *Id*. (citations omitted). Neither the State of Alabama nor Congress has waived Eleventh Amendment immunity under § 1983. *Carr v. City of Florence, Ala*., 916 F.2d 1521, 1524-25 (11th Cir. 1990)); *see also Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3058, (1978) (finding Article I, § 14, of the Alabama Constitution prohibits Alabama from giving its

consent and therefore the State of Alabama was entitled to Eleventh Amendment immunity); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997) (holding Alabama has not waived its Eleventh Amendment immunity); *Taylor v. Alabama*, 95 F.Supp.2d 1297, 1310 (citing *Wright v. Butts*, 953 F.Supp. 1352, 1358 (M.D. Ala. 1996)) (same). This immunity extends to state agencies as well. *Marous Bros. Constr., LLC v. Alabama State Univ.*, 533 F.Supp.2d 1199, 1201 (M.D. Ala. 2008) (citing Article I, § 14 of the Alabama Constitution and *Phillips v. Thomas*, 555 So.2d 81, 83 (Ala. 1989)).

The State of Alabama Attorney General's Office, Office of the Attorney General - Criminal Appeals Division, and the Office of the District Attorney are all state agencies. Thus the State of Alabama, State of Alabama Attorney General's Office, Office of the Attorney General - Criminal Appeals Division, and the Office of the District Attorney are immune from suit. This jurisdictional bar applies regardless of the nature of the relief sought - i.e. whether the suit seeks damages or injunctive relief. *Halderman*, 465 U.S. at 100-02, 104 S.Ct. 908-09.

Further, the § 1983 claims also merit dismissal because the Supreme Court has clearly established that a state does not qualify as a "person" under § 1983. *Hafer v. Melo*, 502 U.S. 21, 22-23, 112 S.Ct. 358, 360-61, 116 L.Ed.2d 301 (1991); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63-70, 109 S.Ct. 2304, 2308-2312, 105 L.Ed.2d 45 (1989)).

## IX.  DISTRICT ATTORNEYS ELLEN BROOKS AND WILL VINES

Plaintiffs asserts § 1983 claims against District Attorney Ellen Brooks ("Brooks") and Deputy District Attorney Will Vines ("Vines"). Plaintiffs assert those claims against Brooks

and Vines in their official and individual capacities. *See* Doc. 8 at p. 1. On September 3, 2009, Brooks and Vines filed their Rule 12(b)(6) motion to dismiss asserting Eleventh Amendment Immunity, absolute prosecutorial immunity, statute of limitations, and failure to state a claim because Brooks and Vines in their official capacities are not "persons" within the meaning of § 1983. *See* Doc. 36. In their response, the Halls simply re-assert their allegations against Brooks and Vines. *See* Doc. 42.

A.     **Official Capacity Claims**

For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). The allegations asserted against Brooks and Vines arise out of the district attorney's exercise of discretion in the prosecution of state offenses, a state-created power. *See Owens v. Fulton County*, 877 F.2d 947, 952 (11th Cir. 1989); *Jefferson County v. Swindle*, 361 So.2d 116, 118 (Ala. 1978) ("district attorneys have specifically been declared state officers and not county officers."). Therefore, a suit against them in their official capacities is in reality a suit against the state of Alabama. As such, Plaintiffs' § 1983 claims against Brooks and Vines in their official capacities are barred by the Eleventh Amendment as previously discussed in more detail in Section VIII.

The claims are also barred because state officials "acting in their official capacities" - i.e. a claim against the state itself - are outside the class of "persons" subject to liability under § 1983. *See Hafer*, 502 U.S. at 22-23, 112 S.Ct. at 360-61; *Will*, 491 U.S. at 63-70, 109 S.Ct.

at 2308-2312.  Based on the foregoing authorities, the Court finds Brooks and Vines, in their official capacities, are not a "persons" which may be sued under § 1983.  Therefore, claims against Brookes and Vines in their official capacities are due dismissal.

## B.   Individual Capacity Claims

Prosecutors are entitled to "the same absolute immunity that the prosecutor enjoys at common law." *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976).  However, a prosecutor is not absolutely immune simply because he is a prosecutor nor are all of his actions covered. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993).  Absolute immunity applies to "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id.*; *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."); *see also Van De Kamp v. Goldstein*, — U.S. — , — ,129 S.Ct. 855, 857, 172 L.Ed.2d 706 (2009) ("Prosecutors are absolutely immune from liability in § 1983 suits brought against prosecutorial actions that are intimately associated with the judicial phase of the criminal process.") (citation omitted).  "Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." *Buckley*, 509 U.S. at 273, 113 S.Ct. at 2615.  Absolute immunity would not apply when a prosecutor is acting outside judicial proceedings, such as

when a prosecutor gives advice to police during a criminal investigation, when the prosecutor makes statements to the press, or when a prosecutor acts as a complaining witness in support of a warrant application. *See Van De Kamp*, — U.S. at — ,129 S.Ct. at 861 (internal citations omitted).

Further, absolute immunity only applies to claims for monetary relief. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). Prosecutors do not enjoy absolute immunity from declaratory and injunctive relief claims. *Id*. (quoting *Tarter v. Hury*, 646 F.2d 1010, 1012 (5th Cir. 1981)); *see also Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 736-38, 100 S.Ct. 1967, 1976-78, 64 L.Ed.2d 641 (1980) (prosecutors do not enjoy absolute immunity from claims for equitable relief).

Plaintiffs contend that the Brooks and Vines misled the Hall's criminal defense counsel and misrepresented to the Court a number of times about getting a video to the Hall's attorney. *See* Doc. 8 generally. This case is analogous to the situation in *Imbler,* 424 U.S. 409, 96 S.Ct. 984. In *Imbler*, the plaintiff alleged that the district attorney had "knowingly used false testimony and suppressed material evidence" at trial. *Imbler*, 424 U.S. at 413, 96 S.Ct. at 987. The Supreme Court still held that a state prosecuting attorney acting within the scope of his duties in initiating and pursuing a criminal prosecution and in presenting the state's case, is absolutely immune from civil suit for damages for alleged deprivations of the accused's constitutional rights in a § 1983 action even though such immunity leaves a wronged party without civil redress against the prosecutor. *Id*. at 427, 96 S.Ct. at 993; *see also Van De Kamp*

*v. Goldstein*, — U.S. — , 129 S.Ct. 855 (2009) (Supreme Court upholds prosecutor's absolute immunity in all circumstances intimately associated with the judicial phase of the criminal process even when falsity is alleged).  More recently the Eleventh Circuit reiterated that "[p]rosecutors have absolute immunity when filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate complaints about the prison system, and threatening further criminal prosecutions." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (internal modifications and citation omitted).  Thus, despite the asserted *Brady* violations, the district attorneys are still entitled to absolute immunity for the § 1983 federal claims against them in their individual capacities where monetary damages are sought.  *See id*.; *see also Porter v. White*, 483 F.3d 1294, 1305 n. 8 (11th Cir. 2007) ("Injury flowing from a procedural due process violation . . . that results from a prosecutor's failure to comply with the *Brady* rule cannot be redressed by a civil damages action against the prosecutor under § 1983 because the prosecutor is absolutely immune from such liability.").  However, as previously discussed, absolute immunity does not extend to claims for equitable relief which Plaintiffs have requested.  *See* Doc. 8 at p. 15-17 (for equitable relief claims); *Bolin v. Story*, 225 F.3d at 1242.  Therefore, prosecutorial immunity only applies to Plaintiffs' claim for $20,000,000.00.

While "prosecutors do not enjoy absolute immunity from [declaratory and injunctive relief] claims," *see Tarter v. Hury*, 646 F.2d 1010, 1012 (5th Cir.1981), in order to receive

declaratory or injunctive relief, Plaintiff must establish that there was a violation, that "there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (citing *Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982)).   As already discussed previously, the Halls' requests for injunctive relief do not stand and therefore, all the claims against Defendants Brooks and Vines merit dismissal.

## X. TROY KING

The Halls name Troy King ("King") as a defendant in this cause of action.  It appears from the complaint that they seek to hold King responsible for actions undertaken by the office of the Attorney General in pursuing the appeal relating to the dismissal of the criminal action against the Halls.  For the reasons outlined below, these claims entitle the Halls to no relief in this cause of action.

### A.     Official Capacity

Again, for liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents. *Graham*, 473 U.S. at 166, 105 S.Ct. at 3105.  The allegations asserted against King arise out of the appellate process relating to the prosecution of state offenses.  Like Brooks and Vine, a suit against King in his official capacity is in reality a suit against the state of Alabama.  As such, Plaintiffs's § 1983 claims against King in his official capacity are barred by the Eleventh Amendment and because he is not a "person" under § 1983.

**B.      Individual Capacity**

As with Brooks and Vines, "[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993)).  Therefore, King is entitled to prosecutorial immunity for any claims for damages.  Further, since the injunctive relief requested cannot survive, all claims against King warrant dismissal.

## XI.  H.B. POWE, J.W. HALL, UNIT 320 LIEDL #1487, CORPORAL JOHNSON, R.L. ENJ, AND JASON JENKINS[12]

The Halls brought suit against Defendants H.B. Powe ("Powe"), J.W. Hall ("Corporal Hall")[13] Unit 320 Liedl #1487 ("Liedl"), Corporal Johnson ("Johnson"), R.L. Enj ("Enj"), and Jason Jenkins ("Jenkins") in their official and individual capacities.  From the amended complaint, the claims against Powe, Corporal Hall, Liedl, Johnson, and Enj appear to relate solely to the alleged violations of the ADA.  The ADA claims are barred by the two year statute of limitations.  However, as the complaint is, at times, convoluted and confusing, the

---

[12]      In the Motion to Dismiss (Doc. 28), the motion is also filed on behalf of Montgomery Police Chief Art Baylor.  Art Baylor was named as a defendant in the original complaint (Doc. 1 at p. 5).  However, Art Baylor was not re-named in the Amended Complaint (Doc. 8) nor is he referenced in Plaintiffs' response to the motions to dismiss (Doc. 42).  As such, he was dropped from the lawsuit with the Amended Complaint. However, the analysis would still apply to him, even if he was a defendant.

[13]      The Court will call this defendant Corporal Hall so as not to confuse him with the Plaintiffs.  The Motion to Dismiss does not provide this officer's rank, but the Amended Complaint identifies him as Corporal J.W. Hall, therefore the Court will adopt that title.

Court also considers the malicious prosecution § 1983 claim for damages.  As to Defendant

Jenkins, other than listing him as a defendant, there is no specific reference to him by name.

It can, however, be construed that he is the officer referenced on p. 46 and 48 of Doc. 8-2.

The only officer who is specifically referenced by name is Corporal Hall.

As previously discussed, "§ 1983 is not itself a source of substantive rights, but merely

provides a method for vindicating federal rights elsewhere conferred."  *Graham v. Conner*,

490 U.S. 386, 393-94, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (internal quotes

omitted); *Cummings v. DeKalb County*, 24 F.3d 1349, 1355 (11th Cir. 1994).

## A.      Official Capacity Claims

Again, a claim against a governmental official in his official capacity is a suit against

the official's office itself.  *Graham*, 473 U.S. at 165-66, 105 S.Ct. at 3105; *see also Busby v.*

*City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("[S]uits against municipal officers are

therefore, in actuality, suits directly against the city that the officer represents."); *Thornton v.*

*City of Montgomery*, 78 F.Supp.2d 1218, 1231 (M.D. Ala. 1999) (quoting *Graham*).

Therefore, claims against Powe, Corporal Hall, Liedl, Johnson, and Enj are claims against the

City of Montgomery while a claim against Jenkins is a claim against the City of Auburn.

It is well established that there can be no *respondeat superior* for § 1983 claims.

*Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611

(1978); *Holloman ex. rel. Holloman v. Harland*, 370 F.3d 1252, 1290 (11th Cir. 2004).

Therefore the named defendant in a § 1983 suit may only be held liable for its own

unconstitutional conduct and not that of subordinates or employees. *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037-38.

Again, for an official capacity claim, the question is whether the City of Montgomery or the City of Auburn themselves violated the Hall's constitutional rights. A municipality may be found liable under § 1983 only if the violation of the plaintiff's rights is attributable to a municipal policy or custom. *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037-38; *Williams v. Town of White Hall, Ala.*, 450 F.Supp.2d 1300, 1303 (M.D. Ala. 2006). Therefore, for their § 1983 malicious prosecution claim, the Halls must show (1) their Fourth Amendment rights were violated and (2) the violation was attributable to a policy or custom of the City of Montgomery or City of Auburn. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120, 112 S.Ct. 1061, 1065, L.Ed.2d 261 (1992); *Wyke v. Polk County Sch. Bd.*, 129 F.3d 560, 568 (11th Cir. 1997).

Normally, for this type of claim the Court would have to consider evidence more properly addressed in a summary judgment scenario. However, the complaint does not reference at any point a policy or custom by the City of Montgomery or City of Auburn to support a malicious prosecution claim. The Supreme Court has made it clear that courts may not impose a heightened pleading requirement for claims pursuant to 42 U.S.C. § 1983 against municipal entities. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167-68, 113 S.Ct. 1160, 1162-63, 122 L.Ed.2d 517 (1993). However, this Court does not attempt to impose any kind of "heightened" requirement, but rather the basic

pleading requirements of Fed. R. Civ. P. 8.  The Court issued two orders to the Halls to file an amended complaint which "describes in simple language who did what to them as well as where, when, and why these actions give rise to their claims."  A careful review of the amended complaint and its numerous attachments fail to show Plaintiffs made a claim that a policy or custom of the City of Montgomery or City of Auburn to support their malicious prosecution claim.  Rather, with regard to the § 1983 claims, Plaintiffs make claims against various individuals, most specifically the prosecutors involved in the underlying criminal case.  As already discussed, prosecutorial immunity bars those claims against the district attorneys even though it may leave the Plaintiffs without a remedy for prosecutorial misconduct.  Plaintiffs were also warned by the Court that failure to comply with the orders to amend may result in the dismissal of their claims.  *See* Docs. 5 and 7.  "Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as *de facto* counsel for a party or to write an otherwise deficient pleading in order to sustain an action."  *Giles v. Wal-Mart Distribution Center*, 2009 WL 5064351, *2 (11th Cir. 2009) (unpublished) (internal quotations and citations omitted).  Therefore, as to Defendants Powe, Corporal Hall, Liedl, Johnson, Enj, and Jenkins in their official capacities, the claims are due dismissal without prejudice.

## B.   Individual Capacity Claims

Eighteen years ago, the Eleventh Circuit Court of Appeals required plaintiffs bringing

claims pursuant to 42 U.S.C. § 1983 to satisfy a heightened pleading standard. *See, e.g., Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992), *cert. denied*, 507 U.S. 987, 113 S.Ct. 1586, 123 L.Ed.2d 153 (1993).  To satisfy this heightened pleading standard, a plaintiff must plead his claims with some factual detail.  *Id*. at 1485.  Despite an apparent trend against heightened pleading requirements, the Eleventh Circuit reiterated this requirement in civil rights cases to the extent they are brought against individual defendants who might raise a qualified immunity defense.  *See, e.g., Swann v. Southern Health Partners, Inc.,* 388 F.3d 834, 838 (11th Cir.2004); *Dalrymple v. Reno,* 334 F.3d 991, 996 (11th Cir.2003); *Gonzalez v. Reno,* 325 F.3d 1228, 1235 (11th Cir. 2003).[14]  As this court is bound by decisions from the Eleventh Circuit, a heightened pleading standard will be applied against the individual defendants in their official capacities.  However, even without the heightened pleading standard, as with the defendants in their official capacities, there is no link whatsoever between Powe, Corporal Hall, Liedl, Johnson, Enj, and Jenkins and the § 1983 claims asserted by the Halls.  The only specific reference in the Amended Complaint is the ADA complaint against Corporal Hall.  *See* Doc. 8 at p. 3  As such, they merit dismissal without prejudice.

## XII.  FORMER MAYOR BOBBY BRIGHT

Defendant Bobby Bright, the former mayor of the City of Montgomery, is sued in his

---

[14]      The First, Second, Third, Sixth, Seventh, Eighth, Ninth, Tenth, and D.C. Circuits have rejected heightened pleading.  *See Kirkland v. County Comm'r of Elmore County, Alabama,* 2009 WL 773205, *4 (M.D. Ala. 2009) (Fuller, CJ) (discussion on heightened pleading in Eleventh Circuit and collecting cases from other circuits).

individual capacity, though the complaint makes no reference to him other than in the listing of the defendants.  Like the officers in their individual capacities, the claims against former Mayor Bobby Bright in his individual capacity merit dismissal without prejudice.

### XIII.  FORMER DEPUTY SOLICITOR GENERAL STEPHANIE MORMAN

It does not appear that Defendant Stephanie Morman ("Morman") has been properly served especially since she no longer works for the Office of Attorney General.  Under normal circumstances, this court would issue an order for the plaintiffs to show cause why the claims should not be dismissed for failure to perfect service.  However, in this case, it is unnecessary. The Halls proceed *in forma pauperis*, thus the Court has a duty under 28 U.S.C. § 1915(e)(2)(B)[15] to dismiss any claims which fail to state a claim on which relief may be granted or seek monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

From the Amended Complaint, it is clear that the claims brought against Morman stem from her participation in the appeal of the dismissal of the underlying criminal charges against the Halls.  *See* Doc. 8-3 at p. 1-47.   As with Brooks and Vines, Plaintiffs' § 1983 claims against Morman in her official capacity are barred by the Eleventh Amendment and because in her official capacity she is not a "person" which may be sued under § 1983.  As for the claims against her in her individual capacity, prosecutorial absolute immunity applies.

---

[15]   The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Therefore, all claims against Morman are due dismissal without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## XIV. Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that

(1)    The motions to dismiss (Docs. 28, 35, and 36) be **GRANTED**.

(2)    The motion to dismiss (Doc. 34) be **DENIED as moot**.

(3)    Defendants Powe, Corporal Hall, Liedl, Johnson, Enj, Jenkins, and former Mayor Bright be dismissed without prejudice.

(4)    Defendant Morman be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

(5)    All other defendants be dismissed with prejudice.

(6)    Any other outstanding motions be **DENIED as moot**.

**IT IS FURTHER ORDERED** that the parties file any objections to the this Recommendation on or before **February 2, 2010.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

      DONE this 19th day of January, 2010.

                    /s/ Terry F. Moorer
                    TERRY F. MOORER
                    UNITED STATES MAGISTRATE JUDGE